IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY

| LONNIE BRITTON, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff, | |
| v. | Civil Action<br>No. 17-1986 (JBS-JS) |
| CITY OF ATLANTIC, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

LONNIE BRITTON, Plaintiff pro se
#195887C/1029078
South Woods State Prison
215 South Burlington Road
Bridgeton, New Jersey 08302

**SIMANDLE, U.S. District Judge:**

    1.    Plaintiff Lonnie Britton, a convicted and sentenced state prisoner currently confined at South Woods State Prison ("SWSP") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. By order dated September 9, 2017, this Court granted his application to proceed *in forma pauperis* and directed the Clerk to file the complaint. Docket Entry 3.

    2.    Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.

3. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

4. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking redress against a governmental entity.

5. In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

6. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

7. To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

2

show that the claim is facially plausible. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted).

8. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

9. Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

10. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.

11. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

> injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

12. Plaintiff's complaint and exhibits spans over 500 pages and 5 envelopes. The Court ordered the Clerk's Office to create a separate proceeding under 28 U.S.C. § 2254 as portions of the received documents indicated Plaintiff wished to file a "protective petition" under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). *See* Order, Docket Entry 2. That § 2254 proceeding has been opened at Civil No. 17-3701, and will be addressed separately.

13. The portion of the submission appearing to be Plaintiff's civil rights complaint is unintelligible, and the Court is unable to discern what claims Plaintiff is attempting to bring in his civil rights action.

14. For example, Plaintiff alleges "[b]oth the complaint and information used on administrative directive forms modified

4

to include provisions of injunctive or other relief as evidence to support the true bill signed with actual knowledge, is shown to specifically invoke the Jurisdiction of the 'admiralty side' of the Court, so as to ensure that the action does not proceed on the 'law side' if the common law is competent to supply an In Personam 'remedy' in the processing of the particular case." Complaint ¶ 10.

15. In his legal claims section, Plaintiff states "[t]he faith of the United States government is pledged to pay in legal tender, principal and interest on the obligations of the government." Legal Claims ¶ 1. "Every provision contained in or made with respect to any obligation which purports to give the oblige [sic] a right to require payment in gold or a particular kind or coin or currency or in an amount of money of the United States thereby is declared to be against public policy." *Id.* ¶ 2.

16. He claims to have been "deprived of 'Remedy' as a right to have the security interest accumulated and trust funds held for beneficial owner, from the original transaction . . . charged to my account as a negative claim adjusted for valuable consideration in return for post-settlement and closure of credit simulated from the assumed power of attorney to endorse negotiable instruments." *Id.* ¶ 3.

17. As relief, he seeks "release of the lien on '<u>real and personal property held in escrow</u>. . . .'" Relief ¶ 1 (emphasis in original). These typical excerpts from Plaintiff's complaint in ¶¶ 14-16 above are incomprehensible and frivolous. They consist of jargon, stirred into a pot of vitriol, to yield an abysmal stew of unknowable contents.

18. The best the Court is able to discern is that Plaintiff is attempting to challenge various aspects of his state court criminal proceedings based on his allegations of ineffective assistance of counsel and various rulings by the trial court, but even these allegations are vague, ambiguous, generally incomprehensible, and lacking in factual support.[2]

19. Plaintiff's complaint does not comply with "Rules 8(a) and (e) of the Federal Rules of Civil Procedure. The Rules require that the complaint be *simple, concise*, direct and set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *El Ameen Bey v. Stumpf*, 825 F.

---

[2] By way of further example, Plaintiff's claim that the "deputy court administrator . . . willfully caused to be undermined through the personal direction and use of complimentary dispute resolution forms or administrative directives, the procedural guarantees for finding probable cause from a patently defective warrant to certify that this complaint was signed in her presence and that she had administered an oath to detective Stephen V. Rando" is both incomprehensible and lacking in factual support for Plaintiff's allegation that the complaint-warrant was "patently defective." Complaint ¶ 17; *see also* Complaint-Warrant, Docket Entry 1-6 at 15.

Supp. 2d 537, 557 (D.N.J. 2011) (emphasis in original) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)).

20. The Court will dismiss the complaint without prejudice for failure to state a claim, but will give Plaintiff one opportunity to seek leave to amend his complaint within 30 days of this Opinion and Order. Any motion to amend must include a proposed amended complaint which shall be subject to screening by this Court.

21. If Plaintiff elects to amend his complaint, he should note that he may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he has first shown "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

22. Any claims that do not necessarily call into question the validity of any conviction may be raised in an amended complaint.

23. Plaintiff should also note that the Court may not order Plaintiff's release from custody in a civil rights action.

That form of relief is exclusive to habeas corpus actions. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

24. Finally, the Court urges Plaintiff to state his allegations in a short, plain matter without resorting to "pointless rhetoric, senselessly-picked Latin terms, irrelevant constitutional excerpts, etc." *El Ameen Bey*, 825 F. Supp. 2d at 557. *See also Britton v. New Jersey*, No. 15-3933, 2015 WL 4770915, at *5 n.5 (D.N.J. Aug. 11, 2015) (discussing prior dismissal of plaintiff's "patently frivolous allegations regarding 'admiralty/maritime jurisdiction'").

25. For the reasons stated above, the complaint is dismissed without prejudice. An accompanying Order will be entered.

26. If no motion to amend the complaint is filed within thirty (30) days of the entry of this Opinion and Order upon the docket, then the Complaint will be deemed dismissed with prejudice as to the matters complained of therein (other than Plaintiff's § 2254 petition to set aside his conviction, as noted above, which is no longer part of this docket).

**April 16, 2018**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             U.S. District Judge