IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LONNIE BRITTON,<br><br>             Plaintiff,<br><br>   v.<br><br>CITY OF ATLANTIC, et al.,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-1986 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

LONNIE BRITTON, Plaintiff pro se
#195887C/1029078
South Woods State Prison
215 South Burlington Road
Bridgeton, New Jersey 08302

**SIMANDLE, U.S. District Judge:**

    1.   Plaintiff Lonnie Britton, a convicted and sentenced state prisoner currently confined in South Woods State Prison ("SWSP"), has submitted a proposed amended complaint ("PAC") that the Court construes as a motion to amend his complaint. Motion to Amend, Docket Entry 6. He also moves for the appointment of pro bono counsel, Docket Entry 7.

    2.   The Court dismissed Plaintiff's complaint on April 18, 2018 as unintelligible, incomprehensible, and frivolous. It granted Plaintiff one final opportunity to submit a coherent complaint in the interests of justice. April 18, 2018 Order, Docket Entry 5.

3. The PAC alleges the Office of the Public Defender ("the Office") "has a policy to the end that no innocent person shall be convicted, and that the guilty, when convicted shall be convicted only after a fair trial according to due process of the law." PAC ¶ 3

4. He alleges the Office negligently hired Omar Aguilar to represent Plaintiff in his criminal trial and failed to "formulate and adopt rules and regulations as are necessary to prevent Aguilar and other staff members from invariable patterns of unconstitutional conduct." *Id.* ¶¶ 4-5.

5. Plaintiff alleges Robert Moran failed to supervise Aguilar and other members of the Office and did not "provide all the necessary services to Britton and facilities of representation; including investigation and preparation to enforce the state declared policy for the realization of the constitutional guarantee to Britton." *Id.* ¶¶ 13-14.

6. Plaintiff further alleges Aguilar counseled him "to accept an agreement to have bail reduced which was deficient and showed prejudice of counsel to Britton's right to have bail." *Id.* ¶ 19. Plaintiff states Moran was aware of the Office's "custom of influencing or advising clients to voluntarily and intelligently except [sic] unilaterally negotiated plea bargains at which appear to be a function controlled by administrative direction . . . ." *Id.*

7. Plaintiff states he waived his right to counsel on January 23, 2015 because he "objected to Aguilar's conduct of incompetence, unhonesty [sic] and unfair pattern of conduct in assisting him in handling his case." *Id.* ¶¶ 26-27.

8. Plaintiff further alleges Eric Shenkus, another Public Defender who occasionally appeared on Plaintiff's behalf, failed to communicate with him to discuss strategy. *Id.* ¶ 40.

9. Plaintiff alleges Steven Rando, a detective with the Atlantic City Police Department, improperly administered his *Miranda*[1] rights and enticed Plaintiff to "involuntary confess" before arresting him without a complaint or warrant. *Id.* ¶¶ 50-56.

10. According to Plaintiff, Deputy Court Administrator Yolonda Shabazz signed the warrant stating she found probable cause for arrest after he was detained by Detective Rando. *Id.* ¶¶ 47, 62-66.

11. Plaintiff alleges Joe Fury identified himself as a FBI agent when he arrived at the Atlantic City Police Department. *Id.* ¶ 57. Plaintiff states Fury coerced him into making an involuntary statement by "making reference to Federal custody and help that Britton could receive . . . ." *Id.* ¶ 60.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

12. Plaintiff alleges the Atlantic City Municipal Court "failed to train or supervise Shabazz, Rando, and Fury in the execution of government policy in the procedures of filing the complaint and issuing of the warrant against Britton." *Id.* ¶ 45.

13. Plaintiff lists three legal claims: (1) "the city of Atlantic maintains a policy or pattern of unconstitutional conduct pervasive enough as to imply actual or constructive knowledge of the conduct."; (2) "The Office of the Public Defender, Atlantic Region failed to train, supervise or discipline it's [sic] employees which amounted to deliberate indifference to right's of persons with whom members of staff engage with on a case basis." and; (3) "Deputy Public Defender Moran was appointed to devote his entire time to the duties of his office. Moran made his selection to appoint Aguilar on a basis calculated and that calculation resulted in Aguilar and other staff members what appears to be incompetent conduct and in a administrative capacity as supervisor and trainer of his inexperienced staff."

14. Plaintiff's constitutional claims against his attorneys fail because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

15. The Office of the Public Defender is immune from suit under the Eleventh Amendment. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

16. The Eleventh Amendment protects state agencies when "'the state is the real party in interest.'" *Beightler v. Office of Essex County Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 658 (3d Cir. 1989) (en banc)).

17. Courts "apply a fact-intensive three-part test to determine whether an entity is an 'arm of the state' for Eleventh Amendment purposes. We examine the following factors: '(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has.'" *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018) (quoting *Fitchik*, 873 F.2d at 659; *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007)).

18. Courts in this district have found that the Office of the Public Defender is immune under the Eleventh Amendment. *See, e.g., Hennessey v. Atl. Office of Pub. Def.*, No. 17-11763, 2018

WL 3019882, at *3 (D.N.J. June 18, 2018) (citing cases). This Court agrees and will dismiss the Office of the Public Defender with prejudice because it is immune from suit for money damages in the federal courts.

19. Plaintiff has failed to state a claim that Detective Rando and Agent Fury violated his Fifth Amendment rights. "[V]iolations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself." *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994). "[I]t is the use of coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution." *Renda v. King*, 347 F.3d 550, 559 (3d Cir. 2003). Plaintiff does not allege his statement was used against him at trial; therefore, he has failed to state a claim against either Detective Rando or Agent Fury.

20. Ms. Shabazz is immune from suit for signing the warrant to arrest Plaintiff. "Quasi-judicial immunity is given only to public employees who perform judge-like functions and attaches when a public official's role is functionally comparable to that of a judge." *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 390 (D.N.J. 2012). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges—that is because they, too, 'exercise a discretionary judgment' as

part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993).

21. Ms. Shabazz signed the warrant finding probable cause for Plaintiff's arrest in her capacity as the Deputy Court Administrator. This action is "functionally comparable" to that of a judge and makes her immune from suit for that action.

22. Because Plaintiff has failed to state a constitutional claim against Rando, Fury, and Shabazz, he has failed to state a constitutional claim against Atlantic City for failure to train them.

23. Finally, Plaintiff's claims against Moran as a supervisor are presently barred. As the Court explained in its prior opinion, Plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he has first shown "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

24. If Plaintiff were to succeed on his claim that Moran failed to supervise and properly train Plaintiff's attorneys, it would necessarily call into question the validity of Plaintiff's

7

conviction as it would mean he received ineffective assistance at trial. The claims are therefore barred at this time under *Heck*.

25. To the extent the complaint raises state law negligence claims, the Court declines to exercise supplemental jurisdiction over them as all of the federal claims are being dismissed. 28 U.S.C. § 1367(c)(3). Dismissal of the state law negligence claims is without prejudice to refiling in a court of competent jurisdiction.

26. Plaintiff's motion for the appointment of counsel is denied as the complaint is being dismissed and therefore lacks "some merit in fact or law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

27. Plaintiff is denied leave to amend as it would be futile to permit amendment at this time because the majority of Plaintiff's claims are barred by *Heck*.

28. For the reasons stated above, the complaint is dismissed without leave to amend. An accompanying Order will be entered.

**October 11, 2018**             **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                                     U.S. District Judge